# EXHIBIT 1

GIRARDI | KEESE
THOMAS V. GIRARDI, State Bar No. 36603
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 977-0211
Facsimile: (213) 481-1554

Attorneys for Plaintiff  Ed Melendez

**FILED**
Superior Court Of California
County Of Los Angeles

MAR 06 2017

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
     Glorietta Robinson

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

~~Plaintiff~~ EDWARD MELENDEZ,

                    Plaintiff,

          v.

STEVE DAYAN, an individual;
TEAMSTERS LOCAL 399 HOLLYWOOD;
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS; and DOES 1-40, inclusive,

                    Defendants.

Case No.   **BC 6 5 3 3 6 9**

**COMPLAINT FOR DAMAGES**

1. **Assault**
2. **Battery**
3. **Intentional Infliction of Emotional Distress**
4. **Civil RICO in Violation of Title 18, United States Code, Section 1962(c)**
5. **Intentional Interference With Prospective Economic Relations**
6. **Negligent Interference With Prospective Economic Relations**

**AND**

**DEMAND FOR JURY TRIAL**

FSC: 08 / 20 / 2018  TRIAL: 09 / 06 / 2018  OSC: 03 / 06 / 2020

///
///
///
///
///
///
///

CIT/CASE:
LEA/DEF#:

RECEIPT #: CCH5053376083
DATE PAID: 03/06/17
PAYMENT: $435.00
RECEIVED:
   CHECK:
   CASH:
   CHANGE:
   CARD:

04:31 PM
310

$435.00
$0.00
$0.00
$0.00

BC653369

03/06/2017

1

COMPLAINT FOR DAMAGES

1   COMES NOW Plaintiff Edward Melendez, ("Plaintiff"), for a cause of action against

2   Defendants STEVE DAYAN, an individual; TEAMSTERS LOCAL 399 HOLLYWOOD;

3   INTERNATIONAL BROTHERHOOD OF TEAMSTERS; and DOES 1-40, inclusive, and

4   complains and alleges as follows:

5   ## NATURE OF THE ACTION

6   1.    This action arises under the laws of the Racketeer Influenced and Corrupt

7   Organizations Act ("RICO"), (18 U.S.C.A. §§ 1961 *et seg.*, and related state and federal

8   claims arising from alleged pattern of assault, harassment and unlawful exclusion from future

9   employment pursuant to the rules, regulations and directives implementing said statutes and

10  common law.

11  ## THE PARTIES

12  2.    Plaintiff was employed by defendant TEAMSTERS, a business entity of

13  unknown origin which was doing business in California, in the County of Los Angeles, on a

14  continual basis at all times mentioned in this complaint. At all relevant times, Plaintiff was and

15  is a resident of Los Angeles, California.   Plaintiff was the victim of unlawful assault,

16  defamation, exclusion from future employment and other misconduct by his employer, which

17  is the subject matter of this Complaint.

18  3.    At all times relevant herein, Plaintiff was a resident of the State of California,

19  County of Los Angeles.

20  4.    Plaintiff is informed and believes and based thereon alleges that, at all times

21  relevant herein Defendant Steve Dayan ("Dayan") was a resident of the State of California,

22  County of Los Angeles. Plaintiff is further informed and believes, and based thereon alleges,

23  that Defendant Dayan was at all times relevant herein was the Secretary-Treasurer and

24  member of the Executive board of the Teamsters Local 399.

25  5.    At all relevant times mentioned herein, Defendant International Brotherhood of

26  Teamsters was a business entity of unknown origin.

27  6.    At all relevant times mentioned herein, Defendant Teamsters Local 399

28  Hollywood was a business entity of unknown origin.

7.   — Plaintiff is informed and believe, and thereon allege, that each Defendant acted as the agent for each other Defendant in doing the acts alleged herein and that each Defendant ratified and otherwise adopted such acts and statements as were performed, made or carried out by each other Defendant.

8.   Plaintiff is informed and believe, and thereon allege, that Defendant DOES 1 through 40, inclusive, and each of them, are corporations or other entities and/or individuals organized and existing under and by virtue of one of the states of the United States, or by a foreign state and/or country, and authorized to do business and doing business in the State of California. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein as DOES 1 through 40, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff alleges that each of the Defendants, DOES 1 through 40, inclusive, are tortiously responsible in some manner for the damages hereinafter alleged in that said damages were proximately caused by such Defendants herein. Plaintiff will amend this complaint to show the true names of DOES 1 through 40 when such are ascertained. Said Defendants are sued as principals, and all of the acts performed by them as agents, servants, successors in interest, and employees were performed within the course and scope of authority and employment.

9.   Plaintiff is ignorant of the names and/or identities of the Defendants sued herein as Does 1 through 40, inclusive. Defendants sued herein as DOES 1 through 40, inclusive are as of yet unknown nominal defendants who are the legal heirs of decedents identified herein. These individuals are nominal defendants pursuant to California Code of Civil Procedure § 377.61.

10.   Each of the Defendants was the agent, joint venturer, or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, each was acting within the course and scope of said agency, employment, or joint venture with the advance knowledge, acquiescence, or subsequent ratification of each and every remaining Defendant.

## JURISDICTION AND VENUE

11.   This Court has jurisdiction over this matter because Defendant Dayan resides in

1    the County of Los Angeles, State of California.

2        12.   Venue is proper in the Los Angeles Superior Court pursuant to California Code

3    Civ. Proc. § 395(a), because the cause of action occurred in the County of Los Angeles, State

4    of California.

**GENERAL ALLEGATIONS**

6        13.   On or about March 6, 2016 at approximately 8:38 a.m., Plaintiff was on a job

7    site at a production in downtown Los Angeles. At that time and date, Plaintiff was physically

8    assaulted by Defendant Dayan.

9        14.   After the assault, Defendant Dayan used his position as Secretary-Treasurer of

10   Teamsters Local 399 Hollywood to engage in a smear campaign against Plaintiff and

11   ultimately to exclude Plaintiff from the Teamsters' union. Notably, Defendant Dayan harmed

12   Plaintiff's reputation by accusing him of crossing a picket line. This caused other members of

13   the Teamster Defendants to post derogatory pictures of Plaintiff on the internet referring to

14   Plaintiff as a "scab." Additionally, Plaintiff received threatening phone calls and letters from

15   members of the Teamster Defendants.

**FIRST CAUSE OF ACTION**

**ASSAULT**

**(Against All Defendant Dayan, and Does 1 through 40 inclusive)**

19        15.   Plaintiff hereby incorporates by reference all paragraphs hereinabove as if fully

20   set forth in detail below.

21        16.   On or about March 6, 2016, Defendant Dayan physically attacked Plaintiff.

22        17.   Plaintiff reasonably believed he was about to be contacted in a harmful manner.

23        18.   Plaintiff did not consent to Defendant Dayan's conduct.

24        19.   As a proximate result of Defendant Dayan's conduct, Plaintiff was harmed.

25        20.   Defendant Dayan's conduct was a substantial factor in causing Plaintiff's harm.

26        21.   As a direct and proximate result of the acts, omissions, and conduct of

27   Defendant Dayan, Plaintiff was injured in his health, strength, activity, mind, sustaining

28   injuries to his body, all of which have caused Plaintiff physical, mental, and emotional pain

4

COMPLAINT FOR DAMAGES

1   and suffering in a sum exceeding the jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

## BATTERY

### (Against Defendant Dayan, and Does 1 through 40)

22.   Plaintiff hereby incorporates by reference all paragraphs hereinabove as if fully set forth in detail below.

23.   On March 6, 2016, Defendant Dayan physically attacked Plaintiff.

24.   Plaintiff did not consent to Defendant Dayan attacking Plaintiff.

25.   As a proximate result of Defendant's conduct, Plaintiff was harmed.

26.   Defendant Dayan's conduct was a substantial factor in causing Plaintiff's harm.

27.   As a direct and proximate result of the acts, omissions, and conduct of Defendant Dayan, Plaintiff was injured in his health, strength, activity, mind, sustaining injuries to his body, all of which have caused Plaintiff physical, mental, and emotional pain and suffering in a sum exceeding the jurisdictional limits of this Court.

## THIRD CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants, and Does 1 through 40, inclusive)

28.   Plaintiff hereby incorporates by reference all paragraphs hereinabove as if fully set forth in detail below.

29.   Plaintiff is informed and believes and based thereon alleges that, at all times relevant herein, Defendant Dayan was the Secretary-Treasurer of the Defendant Teamsters Local 399. Plaintiff is further informed and believes and based thereon alleges that at all times relevant herein, Defendant Dayan was a member of Defendant Teamsters Local 399's Executive Board.

30.   The Teamster Defendants, by and through their employee, Defendant Dayan, engaged in outrageous conduct by, and among other things, participating and/or directing a scheme to harass Plaintiff. Plaintiff is informed and believes and based thereon alleges that Defendants organized a scheme in an attempt to intimidate Plaintiff by slashing Plaintiff's

COMPLAINT FOR DAMAGES

1  tires, ordering other Teamster members to appear at Plaintiff's home and threaten Plaintiff,

2  threatening phone calls to Plaintiff's home, wherein Defendant Dayan instructed various

3  Teamster members to call Plaintiff's home and threaten physical harm to Plaintiff and his

4  family.

5      31.    At the time of this conduct, Defendants intended to cause Plaintiff emotional

6  distress or acted with reckless disregard of the probability that Plaintiff would suffer emotional

7  distress.

8      32.    As a result of this conduct, Plaintiff suffered severe emotional distress.

9      33.    As a direct and proximate result of the conduct and omissions by Defendants,

10  Plaintiff has suffered from severe emotional distress.

11  **<u>FOURTH CAUSE OF ACTION</u>**

12  **CIVIL RICO IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION**

13  **1962(c)**

14  **(Against All Defendants and Does 1 through 40, inclusive)**

15      34.    Plaintiff hereby incorporates by reference all paragraphs hereinabove as if fully

16  set forth in detail below.

17      35.    At all times relevant hereto, Defendants Dayan, Teamsters Local 399

18  Hollywood, and the International Brotherhood of Teamsters were each a "person" within the

19  meaning of Title 18, United States Code, sections 1961(3).

20      36.    At all times relevant hereto, Defendant Dayan, Teamsters Local 399 Hollywood,

21  and Does 1 through 40 were a partnership, association, or a group of individuals associated in

22  fact although not a legal entity for the common purpose of operating the International

23  Brotherhood of Teamsters and constituted an enterprise within the meaning of Title 18, United

24  States Code, section 1961(4) (the "Criminal Enterprise").

25      37.    At all times relevant hereto, the Criminal Enterprise was engaged in, and its

26  activities affected, interstate commerce in that, among other things, it was involved in acts,

27  transactions and events occurring in, among other places, California and other states.

28      38.    Beginning on or about March 29, 2016 Defendant Dayan, Teamster Local 399

6

COMPLAINT FOR DAMAGES

1 | Hollywood and Does 1 through 40, and each of them, knowingly devised and participated in

2 | and executed a scheme to wrongfully prevent Plaintiff from ever working as a union employee

3 | again.

4 | 39.   On March 29, 2016, Defendant Dayan caused a letter to be mailed to Plaintiff

5 | and the Executive Board of Teamsters Local 399 Hollywood falsely accusing Plaintiff of

6 | crossing a picket line.   Plaintiff is informed and believes and based thereon alleges that

7 | Defendant Dayan knew the statements in the letter were false when he made the statements.

8 | 40.   By reason of Defendant Dayan's March 29, 2016 letter, Plaintiff has been

9 | wrongfully excluded from multiple job opportunities that Plaintiff otherwise would have

10 | secured.

11 | 41.   As a result of Defendants' conduct, Plaintiff has been injured in an amount to be

12 | determined at trial.   Additionally, Plaintiff has also incurred attorney's fees in pursuing this

13 | claim.

14 | **FIFTH CAUSE OF ACTION**

15 | **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC**

16 | **RELATIONS**

17 | **(Against All Defendants and Does 1 through 40, inclusive)**

18 | 42.   Plaintiff hereby incorporates by reference all paragraphs hereinabove as if fully

19 | set forth in detail below.

20 | 43.   At all times relevant hereto, Plaintiff and various third party employers,

21 | including various production crews, were in an economic relationship that probably would

22 | have resulted in an economic benefit to Plaintiff.

23 | 44.   At all times relevant hereto, Defendants knew of Plaintiff's economic

24 | relationship with various third party employers, including but not limited to various

25 | production crews.

26 | 45.   Defendants, acting with said knowledge, instructed certain production crews not

27 | to hire Plaintiff to work on their set, therein obstructing Plaintiff's ability to conduct his

28 | business with these entities.

46.   Defendants intended to disrupt Plaintiffs relationship with various third party employers and/or knew that instructing various production crews not to hire Plaintiff was certain and/or substantially certain to disrupt Plaintiffs ability to obtain prospective employment with certain production crews.

47.   As a direct and proximate result of Defendants conduct, Plaintiffs economic relationship with prospective employers, including but not limited certain production crews, was disrupted.

48.   As a direct and proximate result of Defendants conduct, described above, Plaintiff was harmed in an amount to be determined at trial.

49.   Defendants' conduct was a substantial factor in causing Plaintiffs harm.

50.   By reason of Defendants conduct, Plaintiff has been wrongfully excluded from multiple job opportunities that Plaintiff otherwise would have secured.

51.   As a result of Defendants' conduct, Plaintiff has been injured in an amount to be determined at trial.  Additionally, Plaintiff has also incurred attorney's fees in pursuing this claim.

## SIXTH CAUSE OF ACTION

### NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

#### (Against All Defendants and Does 1 through 40, inclusive)

52.   Plaintiff hereby incorporates by reference all paragraphs hereinabove as if fully set forth in detail below.

53.   At all times relevant hereto, Plaintiff and various third party employers, including various production crews, were in an economic relationship that probably would have resulted in an economic benefit to Plaintiff.

54.   At all times relevant hereto, Defendants knew or should have known of Plaintiff's economic relationship with various third party employers, including but not limited to various production crews.

55.   Defendants knew or should have known that this relationship would be disrupted if it failed to act with reasonable care.

56.     Defendants failed to act with reasonable care by preventing various productions crews from hiring Plaintiff to work on their set.

57.     Defendants tortious conduct interfered within Plaintiff's ability to conduct business with these entities.

58.     Defendants knew or should have known that by preventing certain production crews from hiring Plaintiff, Plaintiffs ability to obtain prospective employment was certain and/or substantially certain to be disrupted.

59.     As a direct and proximate result of Defendants conduct, Plaintiffs economic relationship with prospective employers, including but not limited certain production crews, was disrupted.

60.     By reason of Defendants conduct, Plaintiff has been wrongfully excluded from multiple job opportunities that Plaintiff otherwise would have secured.

61.     Defendants' conduct was a substantial factor in causing Plaintiffs harm.

62.     As a direct and proximate result of Defendants' conduct, Plaintiff has been injured in an amount to be determined at trial.  Additionally, Plaintiff has also incurred attorney's fees in pursuing this claim.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against Defendants as hereinafter set forth:

1. For past and future general damages, according to proof;

2. For past and future medical and incidental expenses according to proof;

3. For past and future loss of earnings according to proof;

4. For punitive and exemplary damages in an amount to be determined at trial;

5. For prejudgment interest on all damages as is allowed by the laws of the State of California;

6. For past and future mental and emotional distress, according to proof;

7. For past and future costs of suit incurred herein;

8. For such other and further relief as the Court deems just and proper.

DATED:  March 6, 2017                    GIRARDI | KEESE


By:  _____
     Thomas V. Girardi


## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a trial by jury on all claims so triable.

DATED:  March 6, 2017                    GIRARDI | KEESE


By:  _____
     Thomas V. Girardi

10

COMPLAINT FOR DAMAGES

# EXHIBIT 2

**SUM ONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 0 6 2017

Shawi R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

**NOTICE TO DEFENDANT:** STEVE DAYAN, AN INDIVIDUAL;
*(AVISO AL DEMANDADO):* TEAMSTERS LOCAL 399 HOLLYWOOD;
INTERNATIONAL BROTHERHOOD OF TEAMSTERS; and
DOES 1-40, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** EDWARD MELENDEZ
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* BC 6 5 3 3 6 9 |

LOS ANGELES SUPERIOR COURT
111 North Hill Street
Los Angeles, California 90012
LASC - CENTRAL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

THOMAS V. GIRARDI, ESQ. - SBN: 36603          (213) 977-0211  (213) 481-1554
GIRARDI | KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017

| DATE: | SHERRI R. CARTER | Clerk, by | GLORIETTA ROBINSON | , Deputy |
|---|---|---|---|---|
| *(Fecha)* MAR 0 6 2017 | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT 3

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| THOMAS V. GIRARDI, ESQ. - SBN: 36603<br>GIRARDI \| KEESE<br>1126 Wilshire Boulevard<br>Los Angeles, California 90017 | **FILED**<br>Superior Court of California<br>County Of Los Angeles<br><br>MAR 06 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ Deputy<br>Glorietta Robinson |
| TELEPHONE NO.: (213) 977-0211   FAX NO.: (213) 481-1554 | |
| ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: LASC - CENTRAL

CASE NAME: MELENDEZ V. DAYAN, ET AL.

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount            (Amount<br>demanded        demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER<br>**BC 6 53 369** |
|---|---|---|
| | | JUDGE: |
| | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [X] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* 6

5. This case [ ] is [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 6, 2017
THOMAS V. GIRARDI
_____   ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

Legal Solutions Plus

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

# EXHIBIT 4

| SHORT TITLE: MELENDEZ V. DAYAN, ET AL. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☒ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

LA-CV109

| SHORT TITLE: MELENDEZ V. DAYAN, ET AL. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: MELENDEZ V. DAYAN, ET AL. | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100  Other Civil Petition | 2, 9 |

Row labels (left margin): Judicial Review · Provisionally Complex Litigation · Enforcement of Judgment · Miscellaneous Civil Complaints · Miscellaneous Civil Petitions

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: MELENDEZ V. DAYAN, ET AL. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br>[x]1. [ ]2. [ ]3. [ ]4.[x]5. [ ]6. [ ]7. [ ]8. [ ]9. [ ]10.[x]11. | ADDRESS: 6th Street and Hope Street |
|---|---|
| CITY:<br>Los Angeles | STATE: CA   ZIP CODE: 90017 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>March 6, 2017</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
THOMAS V. GIRARDI

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# EXHIBIT 5

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL PERSONAL INJURY CASE

Case Number _____ BC 6 5 3 3 6 9 _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c).

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Patricia Nieto | 91 | 632 | | | |
| Hon. Michelle Williams Court | 92 | 633 | | | |
| Hon. Robert B. Broadbelt | 93 | 631 | | | |
| Hon. Benny C. Osorio | 97 | 630 | | | |
| Hon. Holly J. Fujie | 98 | 635 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV PI 190 (Rev06/16)
LASC Approved 05-06

### NOTICE OF CASE ASSIGNMENT

### UNLIMITED CIVIL CASE

# EXHIBIT 6

```
                                        FILED
                          LOS ANGELES SUPERIOR COURT

                              FEB 2 5 2016

                     SHERRI R. CARTER, EXECUTIVE OFFICER/ CLERK
                          C. Crow
                         BY C. CASAREZ, DEPUTY
```

1

2

3

4

5          SUPERIOR COURT OF THE STATE OF CALIFORNIA

6              FOR THE COUNTY OF LOS ANGELES

7   In re Personal Injury Cases Assigned to the  )   Case No.:
    )
8   Personal Injury Courts;                      )   SIXTH AMENDED GENERAL
    (CENTRAL DISTRICT)                           )   ORDER RE PERSONAL INJURY
9                                                )   COURT ("PI Court")  PROCEDURES,
                                                 )   CENTRAL DISTRICT
10  _____ )   (Effective as of February 22, 2016)

11

12

13   **DEPARTMENT:**        91        92        93        97        98

14   **FINAL STATUS CONFERENCE ("FSC"):**

15       • Date: _____ at 10:00 a.m.

16
     **TRIAL:**      FSC: 08 / 20 / 2018  TRIAL: 09 / 06 / 2018 OSC: 03 / 06 / 2020
17
         • Date: _____ at 8:30 a.m.
18

19   **OSC re DISMISSAL (Code Civ. Proc., § 583.210):**

20       • Date: _____ at 8:30 a.m.

21

22       TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

23       Pursuant to the California Code of Civil Procedure ("C.C.P."), the California

24   Rules of Court, and the Los Angeles County Court Rules ("Local Rules"), the Los

25   Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES

26   THE September 18, 2015 AMENDED GENERAL ORDER AND GENERALLY

27

1                                                      Central District
                                                       2/22/2106

**ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

Effective March 18, 2013, the Court responded to systemic budget reductions by centralizing the management of more than 18,000 general jurisdiction personal injury cases in the Stanley Mosk Courthouse. LASC initially opened three Personal Injury Courts ("PI Courts" - Departments 91, 92 and 93), on January 6, 2014, a fourth (Department 97), and on September 28, 2015 a fifth (Department 98) to adjudicate all pretrial matters for these cases. It also established a Master Calendar Court (Department One), to manage the assignment of trials to dedicated Trial Courts located countywide. Prior Amended General Orders laid out the basic procedures for the PI Courts' management of pretrial matters. The parties will find additional information about the PI Courts on the court's website, *www.lacourt.org*.

1.        To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

> "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition."    Local Rule 2.3(a)(1)(A).

Central District
2/22/2106

The Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

    ☐  A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

    ☐  A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

    ☐  A7260 Product Liability (not asbestos or toxic/environmental)

    ☐  A7210 Medical Malpractice – Physicians & Surgeons

    ☐  A7240 Medical Malpractice – Other Professional Health Care Malpractice

    ☐  A7250 Premises Liability (e.g., slip and fall)

    ☐  A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

    ☐  A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court circled above (Department 91, 92, 93, 97, or 98) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012. Cal. Rules of Court, Rules 3.714(b)(3), 3.729.

**FILING OF DOCUMENTS**

2.      Parties may file documents in person at the filing window, via US Mail, or *as of March 1, 2106,* through e-Delivery, which is available online at www.lacourt.org (link on homepage). Please note that filings are no longer accepted via facsimile and must be filed either in person

3

or via e-Delivery. Claims involving an attorney-client fee dispute, documents in which the filing party is a minor, legally incompetent person, or person for whom a conservator has been appointed, Requests to Waive Court Fees (FW-001) and Requests for Accommodations by Persons with Disabilities (MC-410), may not be filed via e-Delivery.

**SERVICE OF SUMMONS AND COMPLAINT**

3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as soon as possible but no later than three years from the date when the complaint is filed. C. C. P. § 583.210, subd. (a).  On the OSC re Dismissal date noted above, the PI Court will dismiss **the action and/or** all unserved parties unless the plaintiff(s) show cause why the action or the unserved parties should not be dismissed. C.C.P. §§ 583.250; 581, subd. (b)(4).

4.      The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six months of filing the complaint.

5.      The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no party appears for trial.

**STIPULATIONS TO CONTINUE TRIAL**

6.      Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P. § 583.310), the parties may advance or continue any trial date in the PI Courts without showing good cause or articulating any reason or justification for the change.  To continue or advance a trial date, the parties (or their counsel of record) should jointly execute and file (in Room 102 of the Stanley Mosk Courthouse; fee required) a Stipulation to Continue Trial,

1  FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available on the court's

2  website, Personal Injury Court link).  The PI Courts schedule FSCs for 10:00 a.m., eight (8)

3  court days before the trial date.  Parties seeking to continue the trial and FSC dates shall file

4  the Stipulation at least eight court days before the FSC date.   Parties seeking to advance the

5  trial and FSC dates shall file the Stipulation at least eight court days before the proposed

6  advanced FSC date.  Code Civ. Proc., § 595.2;  Govt. Code § 70617, subd. (c)(2).  In

7  selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8  following a court holiday.  Parties may submit a maximum of two stipulations to continue

9  trial, the first for a maximum of four months, the second for a maximum of two months. A

10  third request to continue trial will only be granted upon a showing of good cause, by ex parte

11  application or noticed motion.  This rule is retroactive so that any previously granted

12  stipulation to continue trial will count toward the maximum number of allowed continuances.

13

14

15  **NO CASE MANAGEMENT CONFERENCES**

16  7.      The PI Courts do not conduct Case Management Conferences.  The parties need not

17  file a Case Management Statement.

18

19

20  **LAW AND MOTION**

21  **ANY DOCUMENTS WITH DECLARATIONS AND/OR EXHIBITS MUST BE**
22  **TABBED.  CRC §3.1110(f)**

23  **ALL DEPOSITION EXCERPTS REFERENCED IN BRIEFS MUST BE MARKED**
24  **ON THE TRANSCRIPTS ATTACHED AS EXHIBITS.   CRC §3.1116(c)**

25      *If your filing is not tabbed or depositions are not marked, do not file without the*
26      *tabs or marked depositions unless today is the last day for filing.  If so, you must*
27      *file a tabbed/marked copy with the clerk in the department where your motion will*
       *be heard within 2 court days.*

**Chambers Copies Required**

8.      In addition to filing original motion papers in Room 102 of the Stanley Mosk Courthouse, the parties must deliver, directly to the PI Court courtrooms, an extra copy (marked "Chambers Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a hearing calendared in the PI Courts.  The PI Courts also strongly encourage the parties filing and opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one or more three-ring binders organizing the Chambers Copies behind tabs.

**Reservation of Hearing Date**

9.      Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**Withdrawal of Motion**

10.      California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not

1   needlessly prepare tentative rulings on demurrers.

2

3   **Discovery Motions**

4   11.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

5   resolve and/or narrow the scope of discovery disputes.   Lead trial counsel on each side, or

6

7   another attorney with full authority to make binding agreements, must attend in person.   The

8   PI judges have found that, in nearly every case, the parties amicably resolve disputes with the

9   assistance of the Court.

10   12.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to

11   Discovery will be heard, unless, the moving party submits evidence, by way of declaration,

12   that the opposing party has failed or refused to participate in an IDC.   Scheduling or

13   participating in an IDC does not extend any deadlines imposed by the Code of Civil Procedure

14   for noticing and filing discovery motions.   Ideally, the parties should participate in an IDC

15   before a motion is filed because the IDC may avoid the necessity of a motion or reduce its

16   scope.   Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or

17   60) day deadline for filing a motion to compel further discovery responses in order to allow

18

19   time to participate in an IDC.   If parties do not stipulate to extend the deadlines, the moving

20   party may file the motion to avoid it being deemed untimely.   However, the IDC must take

21   place before the motion is heard so it is suggested that the moving party reserve a date for the

22   motion hearing that is at least 60 days after the date when the IDC reservation is made. Motions

23   to Compel Further Discovery Responses are heard at 10:00 a.m. If the IDC is not productive,

24   the moving party may advance the hearing on a Motion to Compel Further Discovery

25

26

27

Responses on any available hearing date that complies with the notice requirements of the Code of Civil Procedure.

13.     Parties are directed to reserve IDC dates in the PI Courts using CRS available online at www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation requestor must file in the appropriate department and serve an Informal Discovery Conference Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days prior to the conference and attach the CRS reservation receipt as the last page.  The opposing party may file and serve a responsive IDC Form, briefly setting forth that party's response, at least 10 court days prior to the IDC.

14.     Time permitting; the PI Hub judges may be available to participate in IDCs to try to resolve other types of discovery disputes.

**Ex Parte Applications**

15.     Under the California Rules of Court, courts may only grant *ex parte* relief upon a showing, by admissible evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where the moving party identifies "a statutory basis for granting relief *ex parte*." Cal. Rules of Court, Rule 3.1202(c). The PI Courts have no capacity to hear multiple *ex parte* applications or to shorten time to add hearings to their fully booked motion calendars. The PI Courts do not regard the Court's unavailability for timely motion hearings as an "immediate danger" or threat of "irreparable harm" justifying *ex parte* relief.   Instead of seeking *ex parte* relief, counsel should reserve the earliest available motion hearing date, and stipulate with all parties to continue the trial to a date thereafter using the Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

on the court's website, PI Court Tab).  Counsel should also check the Court Reservation System from time to time because earlier hearing dates may become available as cases settle or counsel otherwise take hearings off calendar.

**REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

16.      Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C") Court shall file (in Room 102 of the Stanley Mosk Courthouse) and serve the Court's "Motion to Transfer Complicated Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a "Personal Injury" case as defined in the General Order re General Jurisdiction PI Cases, or if it is "complicated."  In determining whether a personal injury case is "complicated" the PI Courts will consider, among other things, the number of pretrial hearings or the complexity of issues presented.

17.      Parties opposing a motion to transfer have five court days to file (in Room 102) an Opposition (using the same LACIV 238 Motion to Transfer form).

18.      The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court. Although the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts will make an independent determination whether to transfer the case or not.

**GENERAL ORDER – FINAL STATUS CONFERENCE**

19.      Parties shall comply with the requirements of the PI Courts' "Amended General Order – Final Status Conference," which shall be served with the summons and complaint.

**JURY FEES**

20.      Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint. (Code Civ. Proc., § 631, subds. (b) and (c))

**JURY TRIALS**

21.     The PI Courts do not conduct jury trials.  On the trial date, a PI Court will transfer the case to the Master Calendar Court in Department One in the Stanley Mosk Courthouse. Department One assigns cases out for trial to dedicated Trial Courts.

**SANCTIONS**

21.     The Court has discretion to impose sanctions for any violation of this general order. (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b))

Dated: _2/25/16_

Kevin C. Brazile
Supervising Judge, Civil
Los Angeles Superior Court

Central District
2/22/2106

# EXHIBIT 7

FILED
LOS ANGELES SUPERIOR COURT

JUN 1 0 2016

SHERRI R. CARTER, EXECUTIVE OFFICER/ CLERK

BY C. CASAREZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned To the Personal Injury Courts (Departments 91, 92, 93, 97 and 98) | ) FOURTH AMENDED GENERAL ORDER - ) FINAL STATUS CONFERENCE, ) PERSONAL INJURY ("PI") COURTS ) (Effective as of June 10, 2016) ) ) ) ) |

The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court **HEREBY AMENDS AND SUPERSEDES ITS January 26, 2015, AMENDED GENERAL ORDER- FINAL STATUS CONFERENCE AND GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

## 1. PURPOSE OF THE FSC

The purpose of the FSC is to verify that the parties counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions *in limine*, and the authentication and admissibility of exhibits.

1

## 2. TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties counsel shall serve and file (in Room 102 of the Stanley Mosk Courthouse) the following Trial Readiness Documents:

### A. TRIAL BRIEFS (OPTIONAL)

Each party counsel may file, but is not required to file, a trial brief succinctly identifying:

> (1) the claims and defenses subject to litigation;

> (2) the major legal issues (with supporting points and authorities);

> (3) the relief claimed and calculation of damages sought; and

> (4) any other information that may assist the court at trial.

### B. MOTIONS *IN LIMINE*

Before filing motions *in limine*, the parties counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion *in limine* shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion *in limine* shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C. JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury. Local Rule 3.25(i)(4).

2

### D.    JOINT WITNESS LIST

The parties counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call (excluding impeachment and rebuttal witnesses).  Local Rule 3.25(i)(5). The joint witness list shall identify each witness by name, specify which witnesses are experts, and estimate the length of the direct, cross examination re-direct examination (if any) of each witness.  The parties/counsel shall identify and all potential witness scheduling issues and special requirements.  Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause.

### E.    LIST OF PROPOSED JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any. The Joint List of Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

### F.    JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions for Judges and Attorneys ("CACI") instructions to insert party names and eliminate blanks and irrelevant material. The parties shall prepare special instructions in a format ready for submission to the jury with the instruction number, title and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party.)

3

### G.    JOINT VERDICT FORM(S)

The parties counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides.  If the parties counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.  Local Rule 3.25(i)(7) and (8).

### H.    JOINT EXHIBIT LIST

The parties counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  To comply with Local Rules 3.52(i)(5) and 3.53, the parties shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### 3.  EVIDENTIARY EXHIBITS

The parties counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC), three sets of tabbed, internally paginated and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses). The parties counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder. If the parties have a joint signed exhibit list and electronic copies of their respective exhibits, then the parties will not be required to produce  exhibit binders at the Final Status Conference (FSC).  However, the exhibit binders may be required by the assigned trial judge when the trial commences.  In the absence of either a joint signed exhibit list or electronic copies, exhibit binders will be required by all parties at the Final Status Conference.

4

### 4.   TRIAL BINDERS REQUIRED IN THE PI COURTS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) the Trial Documents, tabbed and organized into three-ring binders as follows:

 Tab A: Trial Briefs

 Tab B:  Motions *in limine*

 Tab C:  Joint Statement to Be Read to the Jury

 Tab D: Joint Witness List

 Tab E:  Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

 Tab F:  Joint and Contested Jury Instructions

 Tab G: Joint and/or Contested Verdict Forms

 The parties shall organize motions *in limine* (tabbed in numerical order) behind tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers.  The parties shall organize proposed jury instructions behind tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

### 5.  FAILURE TO COMPLY WITH FSC OBLIGATIONS

The court has discretion to require any party counsel who fails or refuses to comply with this General Order to Show Cause why the court should not impose monetary, evidentiary and or issue sanctions (including the entry of a default or the striking of an answer).

Dated this 10th day of June, 2016

Kevin C. Brazile
Supervising Judge, Civil
Los Angeles Superior Court

6